# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH QUINONEZ,<br><br>   Petitioner,<br><br>   v.<br><br>ON HABEAS CORPUS,<br><br>   Respondent. | Case No. 1:21-cv-01163-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before

presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claims. 28 U.S.C. § 2254(b)(1). The Court must dismiss without prejudice a "mixed" petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. See Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies.[1]

Additionally, a petitioner may also move to stay and hold in abeyance the petition while he exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005); Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2002). Under Rhines, "stay and abeyance" is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78.

Under Kelly, a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly-exhausted claims. 315 F.3d at 1070–71 (citing Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)). A petitioner's use of Kelly's three-step procedure, however, is subject to the requirement of Mayle v. Felix, 545 U.S. 644, 664 (2005), that any newly

---

[1] Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back, i.e., share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of filing. King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009).

In the instant petition, Petitioner acknowledges that his ineffective assistance of counsel claims were not raised on direct appeal. (ECF No. 1 at 5).[2] The petition also states that other than a direct appeal, Petitioner did not previously file any petitions, applications, or motions. (Id. at 2). However, it is possible that Petitioner presented his ineffective assistance of counsel claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

## II.

## ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust state remedies.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **August 9, 2021**

UNITED STATES MAGISTRATE JUDGE

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.